UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADNAN YASSIN a/k/a EDDIE YASSIN,<br>*Plaintiff,*<br>v.<br>AR ENTERPRISES, LLC, and ADNAN RAHIM,<br>*Defendants.* | Civil Action No. 1:16-CV-12280-DJC |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiff hereby requests that the Defendants produce for inspection and copying, at the offices of his attorney, Boston Employment Law PC, 1170 Beacon Street, Suite 200, Brookline, MA 02446, within thirty (30) days of the service of this request, the documents and things described below which are in Defendants' possession, custody or control. Please note that these document requests are relevant to and served in connection with the claim for punitive damages asserted in this action pursuant to the Trafficking Victims Protection Act, 18 U.S.C. §1589. *See Ditullio v. Boehm,* 662 F.3d 1091 (9th Cir. 2011); *Francisco v. Sus*ano, 525 Fed.Appx. 828, 833-34 (10th Cir. 2013).

**INSTRUCTIONS**

1. Produce all responsive documents and information within your possession, custody or control. With respect to any document or information withheld, identify the document or information and state the basis for withholding the document or information.

2. If the basis of any objection or refusal to produce a document or disclose information is

that the document or information is protected by a privilege, provide a log identifying: (a) the document or information withheld; (b) each person who has possession, custody or control of the document or information; (c) each person involved in any communication concerning any such document or information; and (d) the privilege that is being asserted and the corresponding discovery request.

3. Supplement the response in accordance with Fed. R. Civ. P. 26(e).

## DEFINITIONS

The following definitions apply:

1. Communication. The term "communication" means the transmittal of information (whether in written, oral or electronic form or otherwise).

2. ESI. Electronically stored information.

3. Document. The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the terms "documents" and "electronically stored information" (ESI) in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. That term also includes, but is not limited to, originals and copies of any letter, request, order, notice, schedule, tabulation, diary, newspaper clippings, internal files, working papers, correspondence, email or electronic mail, text message, memorandum, telex, telegram, cable, contract agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation, personal conversation, interview, meeting or conference, bill voucher, income statement, financial

statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, paper, drawing, graph, diagram, photograph, film, plan, map, index, tape, voice recording, computer output or input, income tax return, or any other written, printed, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed and whether assertively privileged or not. Different versions of the same document (e.g., copies of printed document with differing handwritten notations, marked-up or "red lined" versions of an electronic document or file, and superseded drafts) are different documents within the meaning of that term as used herein. As to each and every document asserted to be privileged, identify it by stating in your response to these requests the type of document (e.g., letter, memorandum, agreement etc.) the date, the author, the person or persons to whom it was directed, a brief description of the subject matter, and a statement of all the grounds on which it is asserted to be privileged.

4. Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5. Concerning. The term "concerning" means constituting, evidencing, relating or referring.

6. "You" or "your" or "yours." The party or parties to whom or which this request is addressed.

7. Arlington Gulf. The gas station owned and/or operated by AR Enterprises, LLC, located

at 85 River Street, Arlington, Massachusetts.

8. AR. AR Enterprises, LLC.

9. 85 River. 85 River Street LLC.

**REQUESTS FOR PRODUCTION**

1. All financial statements, income statements, balance sheets and other financial statements prepared by, for, or on behalf of, you, AR or 85 River for the period January 1, 2014 to the present, whether or not submitted to any financial institution.
2. All bank statements with respect to any bank account or checking account in your name or the name of AR or 85 River or in which you, AR or 85 River had an interest or signature power, including all canceled checks (back and front), deposit slips and checkbook stubs for any of your checking account(s), savings account (s), cash management account(s) and money market account(s) for the period January 1, 2014 to the present .
3. All statements issued to you relating to any account you maintain(ed) individually or jointly, or in the name of AR or 85 River, or in which you or AR or 85 River had any interest or signatory power, with respect to any securities, brokerage and/or financial institution from January 1, 2014 to the date of your response hereto.
4. Copies of state and federal tax returns for you, AR or 85 River for the years 2014 to the present, including all exhibits and schedules attached thereto.
5. Any and all documents which evidence, relate and/or refer to income received by you, AR or River from January 1, 2014 to the date of your response thereto.
6. Copies of any W-2, 1099, 1041, K-1 or other similar IRS form issued to you or received

by you for any years from 2014 to the present.

7. Copies of the tax returns for any partnership, corporation or sole proprietorship in which you possess or have possessed an ownership interest in as a partner, joint venturer, majority stockholder interest or otherwise, during the time period from January 1, 2014 to the present.

8. Copies of deed(s), mortgage(s), lease(s) or other instrument(s) concerning any interest in real property held by you, AR or River, whether such interest was held legally, equitably or beneficially, for the years 2014 to the present.

9. Any and all bills of sale, deeds, contracts, receipts, or other documents evidencing the transfer, sale, assignment or conveyance of any and all real or personal property by you, AR or 85 River from January 1, 2014 to the date of your response hereto.

10. Copies of any/all title(s), bill(s) of sale, receipts or other instrument(s) with respect to any personal property over the value of $1,000 each purchased in your name or the name of AR or 85 River or in which you or AR or 85 River have or had an interest from January 1, 2014 to the present date.

11. Copies of all written inventories, appraisals, lists and/or descriptions of your real and/or personal property, or the real and/or personal property of AR or 85 River, which have been prepared by you or AR or 85 River or on behalf of you, AR or 85 River from January 1, 2014 to the present.

12. All stock certificates, corporate or LLC documents, operating agreements, articles of incorporation and minute books for any corporation or limited liability company or other entity in which you have or had an interest at any time between January 1, 2014 and the present whether closely held or otherwise and whether listed on one of the stock

exchanges or traded over-the-counter, inclusive of any and all warrants, options or commodity contracts as well as all bonds or other securities which you own.

13. Copies of all documents evidencing your ownership in any corporation, limited liability company, business trust, partnership, real estate trust, trust or any other entity from January 1, 2014 to the present.
14. All correspondence, promissory notes, mortgages, contracts, judgments and/or other writings which show or document any monies owed by you to any person or entity, or owed to you by any person or entity, regardless of whether said monies are still owing, from January 1, 2014 to the date of your response hereto.
15. All copies of judgments which you currently hold against any person or entity or which you held against any person or entity, regardless of whether said judgments have been satisfied from January 1, 2014 to the date of your response hereto.
16. Your accounts receivable ledger or other personal records which set forth the names and addresses of all persons or business enterprises that are indebted to you personally and/or in your capacity as co-partner, or joint venturer in any business enterprises for years 2014 to the date of your response hereto.
17. All balance sheets and other financial statements with respect to any and all business enterprises, of whatever nature in which you possess any ownership interest whether as a partner, limited partner, joint venturer, stockholder, member or otherwise from January 1, 2014 to the date of your response hereto.
18. All schedules of furnishings, fixtures and equipment owned by you individually or jointly from January 1, 2014 to the date of your response hereto.
19. Copies of all applications for credit or loans (including any financial statements

submitted in connection therewith) from any and all banks, credit unions, lending institutions, savings and loan associations or other financial institutions prepared by you or AR or 85 River or on behalf of you or AR or 85 River from the year 2009 to the date of your response hereto, including but not limited to the following banks: Merrimack Mortgage Company, Inc. and Cambridge Savings Bank.

20. For the period January 1, 2012 to the present, all reports, spreadsheets, summaries or other documents provided by you or AR to Gulf Oil LP concerning the financial condition, sales, profits, or sales volume of you or AR or Arlington Gulf, or the volume of gasoline bought or sold by you or AR or Arlington Gulf.

21. The title certificates, registration certificates, bills of sale, and other evidence of ownership relating to any of the following described personal property owned by you solely, or jointly as co-partner, or as joint venturer, in any business enterprise or owned by any corporation in which you have a controlling interest during the year 2009 to the date of your response:

    (a) Motor vehicle of any type;

    (b) Commercial, business or construction equipment of any type;

    (c) Boats, launches, cruisers or other vessels of any type;

    (d) Aircraft of any type;

    (e) Inventory or any stock of goods or equipment of any type.

22. All documents concerning the assets, income or financial condition of the used automobile business operated at Arlington Gulf.

23. A copy of the trust instruments for any trust in which you were named a grantor, trustee

or beneficiary or where a grantor, trustee, or beneficiary as well as copies of all IRS forms 1041 and K-1 and statements of account for all such trusts prepared during the last five (5) years to the date of your response hereto.

24. Copies of inventories, other written statements or communications to you or by you or your attorney which relate to your interest in the administration of the estate of any person during the last five years.

25. All of your records pertaining to the transfer, sale, assignment or conveyance or any money, personalty and/or real property between 2009 to the present.

26. All documents, materials, communications or correspondence between you and any accountant within the last five (5) years.

PLAINTIFF

By his attorneys,

Howard Brown

Howard M. Brown, BBO# 547948
hmb@bostonemploymentlaw.com
Boston Employment Law PC
1170 Beacon Street, Suite 200
Brookline, MA 02446
(617) 566-8090 (telephone)
(617) 566-8091 (facsimile)

Dated: April 14, 2017